## EASTERLING v. POWER *et al.*

The judgment in this case reversed, on the ground that the evidence did not justify the verdict.

APPEAL from the Tenth District, County of Yuba.

This action was brought in the Court below by the respondent to recover of the appellants the sum of five hundred dollars, an alleged balance of account for flour sold and delivered, and for packing done for appellants.

The answer denies any indebtedness for *flour*, and admits the claim of respondent for five hundred dollars for packing goods, but pleads a promissory note in defense.

The note is *set out in the answer, and is in these words* :

"$1,050.00.

"On demand, for value received, I promise to pay C. Arnold, or

bearer, one thousand and fifty dollars, in packing, from time to time, at the going rates, within ninety days from date.

"MARYSVILLE, April 7, 1856.        J. W. EASTERLING."

The answer further says, that by special agreement entered into by said Easterling, the amount of said packing was to be applied on said note; and the truth of this plea is fully sustained by the testimony of three or four witnesses.

The cause was tried by a jury, who returned a verdict for the plaintiff. Defendant appealed to this Court.

*E. D. Wheeler* for Appellants.

*Bryan & Filkins* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

The evidence in this case does not sustain the verdict, and the Court erred in refusing a new trial. It is immaterial whether, at the time the packing was done by plaintiff for defendants, the note was owned by defendants or Goodwin. The evidence shows, that at the time the goods were delivered to plaintiff for transportation, it was agreed that the freight should be credited on the note; and, admitting the note to have been the property of Goodwin, we can see no objection to his becoming paymaster, if he chose to do so, and looking to the defendant to be reimbursed.

Judgment reversed, and cause remanded.